IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RANDY COOPER,**

      **Petitioner,**

v.                                    **Case No. 3:10-cv-01119**

**WILLIAM FOX, Warden,**
St. Mary's Correctional Center,

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), and Respondent's Motion to Dismiss (Docket No. 14). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge and, by Standing Order, has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. Relevant Facts and Procedural History

Petitioner, Randy Cooper ("Cooper"), was arrested and indicted in Cabell County, West Virginia for the first degree murder of his sister, Lula Cooper, on August 25, 1996.[1] Cooper entered into plea negotiations with the State of West Virginia ("State"). The State agreed to allow Cooper to plead guilty to first degree

---

[1] The facts and procedural history in this section are taken from the filings in Petitioner's first habeas action, *Cooper v. State of West Virginia*, 3:07-cv-00203.

murder with a recommendation of life imprisonment with mercy. On November 4, 1996, Cooper entered a plea of guilty to first degree murder and was sentenced to life with mercy. The Cabell County Circuit Court officially accepted Cooper's guilty plea by order entered November 7, 1996.

Cooper did not appeal his conviction to the West Virginia Supreme Court of Appeals (WVSCA). Instead, on July 23, 2002, Cooper filed a Petition for a Writ of Habeas Corpus under the WVSCA's original jurisdiction. The WVSCA summarily refused Cooper's petition on November 27, 2002. Thereafter, Cooper filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Cabell County on April 6, 2004. The Circuit Court denied Cooper's petition on June 15, 2006. Cooper appealed the denial of his habeas petition on October 26, 2006. The WVSCA refused Cooper's petition for appeal on July 20, 2007.

During the pendency of Cooper's appeal to the WVSCA, Cooper filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of West Virginia on March 29, 2007. (Case No. 3:07-cv-00203). On August 13, 2007, Cooper filed a second Petition for a Writ of Habeas Corpus in the United States District Court for the Southern District of West Virginia. (Case No. 3:07-cv-00495). On November 19, 2007, the Honorable Mary E. Stanley, United States Magistrate Judge, issued Proposed Findings and Recommendation, determining that both habeas petitions were untimely under 28 U.S.C. § 2241(d)(1) and recommending their dismissal from the Court's docket. (Docket No. 14-1 at 2-8). On January 7, 2008, the Honorable Robert C. Chambers, United States District Court Judge, adopted the findings of the Magistrate Judge, denied Cooper's petitions with prejudice, and dismissed the case from the docket of the Court. (Docket No. 14-2 at

2).

On January 11, 2010, Cooper filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Cabell County, alleging prosecutorial misconduct and asserting that his guilty plea was not voluntary. The Circuit Court denied the Petition on January 28, 2010. Cooper filed a Petition for Appeal with the WVSCA, which it refused on June 11, 2010.

On September 16, 2010, Cooper filed the present § 2254 petition with the United States District Court for the Southern District of West Virginia. (Docket No. 1).[2] Respondent filed an answer and motion to dismiss on June 8, 2011, (Docket Nos. 13 and 14), and Petitioner subsequently filed a reply. (Docket No. 16). Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the court is required to review "the answer, any transcripts and records of the state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." If this review demonstrates that the petitioner is not entitled to relief, the court may dismiss the petition without need for further proceedings. *See, e.g. Brofford v. Marshall,* 751 F.2d 845 (6th Cir. 1985); *Riley v. Lockhart,* 726 F.2d 421 (8th Cir. 1984). Having thoroughly reviewed the record, the undersigned **FINDS** that Cooper clearly is not entitled to relief and **RECOMMENDS** that the presiding District Judge deny the petition and dismiss this case.

---

[2] On March 10, 2011, Cooper filed in the instant action a motion for a writ of mandamus and a separate request for injunctive relief. (Docket No. 5). Petitioner incorrectly identified these documents as "Exhibits in Support" of his § 2254 motion. Consequently, the Clerk of Court docketed them as exhibits rather than as independent requests for relief. The motion for a writ of mandamus and request for injunctive relief motion are more accurately construed as a single complaint made pursuant to 42 U.S.C. § 1983. Inasmuch as the United States District Court for the Northern District of West Virginia has jurisdiction over Petitioner's § 1983 action, the undersigned will arrange for its transfer to the Northern District.

## II. Analysis

### A. Cooper's § 2254 Petition is Successive

In his first § 2254 petition filed in 2007, *Cooper v. State of West Virginia*, 3:07-cv-00203, Cooper raised a claim of ineffective assistance of counsel.[3] In the present petition, Cooper raises three claims: ineffective assistance of counsel; a lack of adequate procedures to protect him from being convicted while mentally incompetent; and a *Brady* violation stemming from the prosecutor's alleged failure to disclose exculpatory evidence. (Docket No. 1 at 4).

The threshold question in this case is whether or not the instant petition qualifies as a "second or successive" petition under § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 642 (1998). In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). Although Petitioner's first § 2254 petition was dismissed with prejudice as untimely, a dismissal for procedural default is a dismissal on the merits and, thus, bars a subsequent motion filed without leave of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *Harvey*, 278 F.3d at 379–80 (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States*, 150 F.3d 202, 205–06 (2nd Cir. 1998); *Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995); *Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994); *Howard v. Lewis*, 905 F.2d 1318, 1322–23 (9th Cir. 1990)). Consequently, the present petition may be considered successive if Cooper's claims fall within the definition of "successive" under 28 U.S.C.

---

[3] As previously noted, the 2007 habeas petition was dismissed as being untimely filed.

2244(b). 28 U.S.C. § 2244(b) provides in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application[.]

Here, Cooper's claim of ineffective assistance of counsel is addressed by 2244(b)(1). Cooper previously presented this claim in his original 2007 petition; therefore, this claim should be dismissed. Cooper's new claims of inadequate procedures regarding the evaluation of his mental competency and of a *Brady* violation are addressed by § 2244(b)(2). Cooper makes no argument that there is a new rule of constitutional law that was unavailable to him at the time of his first habeas petition. *See* § 2244(b)(2)(A). Moreover, the factual predicates cited by Cooper in the present petition are nearly identical to those contained in the first. Cooper makes no argument that he has discovered new facts that could not have previously been discovered through due diligence. *See* § 2244(b)(2)(B)(i). Finally,

Cooper has made no argument that the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *See* § 2244(b)(2)(B)(ii). As Cooper has failed to satisfy any of the exceptions under § 2244(b)(1)-(2), all of his claims fall under the definition of "successive" under the statute.

A district court may only rule on a successive § 2254 petition when a petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. As the Fourth Circuit explained in *In re Williams*, the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." 364 F.3d 235, 238 (4th Cir. 2004); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit] under the standard established in section 2244(b)(3)(C)."). Such a motion has not been filed in the Fourth Circuit by Cooper. The Fourth Circuit has issued no order making the required determination to authorize the Court to consider this successive § 2254 petition. Consequently, this District Court has no jurisdiction to consider the instant petition and Cooper is barred from attacking his state court convictions and

sentences in this Court. Therefore, the undersigned recommends that the present habeas petition should be dismissed.

### B.     Cooper's § 2254 Petition is Untimely

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "Therefore, the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

In the present case, a judgment order was entered on November 7, 1996 in state court for Cooper's underlying criminal conviction. Cooper did not file a Petition

for Appeal concerning this conviction in the West Virginia Supreme Court of Appeals. Accordingly, Cooper's judgment became final on or about March 7, 1997, after expiration of the ninety days in which he could have filed such a petition. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n. 1 (4th Cir. 2000). Moreover, none of Cooper's state habeas petitions were filed before 2002. (Docket No. 14-1 at 6). Therefore, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began to run on March 8, 1997, and continued to run, uninterrupted, until it expired on March 7, 1998. Cooper's first two federal habeas petitions were filed in 2007, nine years after the expiration of the statute of limitations. The District Court dismissed Cooper's petitions with prejudice as being untimely. Cooper's current petition was filed three years later, more than 12 years after the expiration of the statute of limitations.[4] Hence, the undersigned recommends that Cooper's current petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the United States District Judge confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (Docket No. 1) be **DENIED**;

2. Respondent's Motion to Dismiss (Docket No. 14) be **GRANTED;** and

3. This action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

---

[4] Petitioner mentions equitable tolling in passing. However, in the present case, Petitioner's statute of limitations is not subject to equitable tolling. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (holding that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). Petitioner makes no argument and presents no evidence that would satisfy the equitable tolling criteria.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondent, and any counsel of record.

**FILED:** November 9, 2011.

_____
Cheryl A. Eifert
United States Magistrate Judge